UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

RUBY BROWN                                    CIV. ACTION NO. 3:22-00780

VERSUS                                        JUDGE DAVID C. JOSEPH

CITY OF WISNER, ET AL.                        MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, are the following motions:  1) motion for more definite statement [doc. # 12] filed by Defendants Marc McCarty and the Town of Wisner (incorrectly sued as the "City of Wisner); 2) motion to dismiss Plaintiff's claims for penalty, punitive, exemplary, and treble damages [doc. # 13] filed by Defendants Marc McCarty and the Town of Wisner; and 3) motion for partial summary judgment [doc. # 19] filed by Plaintiff Ruby Brown.   For reasons assigned below, the motion for more definite statement is DENIED.  It also is recommended that the motion to dismiss be GRANTED IN PART and DENIED IN PART and that the motion for partial summary judgment be DENIED.

## Background

On March 18, 2022, Plaintiff Ruby Brown ("Brown"), who is representing herself in this matter, filed the instant civil rights complaint under 42 U.S.C. § 1983 against the Town of Wisner (hereinafter, "Wisner" or the "Town") and its mayor, Marc McCarty ("McCarty"), in his individual capacity.  (Compl.)  The facts of the suit are relatively straightforward, albeit presented somewhat disjointedly.  Brown is the owner of property located at 9554 Natchez Street, Wisner, Louisiana (hereinafter, the "Property" or the "Building").  In 2020, McCarty and

the Town tried to buy certain real estate in the Wisner business district, including the Property, but Brown and other property owners rebuffed the offers. *Id*.

A few months before March 2021, Brown commissioned a hand-painted mural on the Building's façade that depicted a woman with flowing hair on one side and the Banksy stencil, "Love Is in the Air," also known as, "Rage, the Flower Thrower," on the other. *See* Photograph and March 29, 2021 Wisner Police report; Compl, Exhs. [doc. # 1-2, pgs. 11, 2].[1]

On March 29, 2021, Brown reported to the Wisner Police Department that, while she had been out of town, her Building had been "vandalized," when someone had painted over (whitewashed) her mural. (Wisner Police report; Compl., Exh. [doc. # 1-2, pg. 2]). She said that the vandalism occurred sometime between March 12-26. *Id*. Brown also reported the vandalism to Franklin Parish Sheriff Kevin Cobb. (Sept. 4, 2021 letter from Brown to Lamar Davis, LSP Colonel; Compl., Exh. [doc. # 1-2, pgs. 4-5]).

On March 30, 2021, Brown paid a visit to Mayor McCarty to find out whether he was aware that the mural on her building had been removed/defaced. *Id*. McCarty was surprised to learn that the mural had been removed, but stated that Sheriff Cobb had spoken to him about removing the painting before the upcoming Catfish Festival "because the painting was part of the insurrection that took place at the White House on January 6, 2021, and if the town didn't remove it, he would." *Id*. McCarty added that the townspeople also had wanted the mural removed. *Id*.

---

[1] Brown described the painting as "an unrequited love scene, as the young lady turns and walks away, displaying no interest in the young man or his flowers, the young man throws the bouquet of flowers to release his wounded feelings." (Sept. 4, 2021 letter from Brown to Lamar Davis, LSP Colonel; Compl., Exh. [doc. # 1-2, pg. 4]).

On April 6, 2021, Brown discovered water damage inside of the Building, including water spots on the wall and ceiling.  (Aug. 18, 2021

On April 8, 2021, Brown attended the Wisner Town Hall council meeting to raise her concerns about property owners' civil rights.  *Id*.  During an exchange with Brown, McCarty admitted that he "did it"!  *Id*.  He said that he had tried to call Brown three times to apologize.  *Id*.  When Brown questioned the truthfulness of McCarty's representation, McCarty leaned forward and said, "Don't mess with me.  You don't want to mess with me."  *Id*.  Brown replied to McCarty that he had committed a criminal offense and should be held accountable.  *Id*.  Brown found McCarty's response to be threatening and unlawfully intimidating.  (Sept. 20, 2021 letter from Brown to Franklin Parish Sheriff Dept.; Compl, Exh. [doc. # 1-2, pg. 7]).

Brown petitioned various authorities to obtain redress for McCarty's actions, including the Wisner Police Department, the Louisiana State Police, the Franklin Parish Sheriff, the Franklin Parish District Attorney, and the Louisiana Board of Ethics.  *See* Compl, Exhs.  When those attempts proved fruitless, she filed the instant civil rights action.

Brown alleged in her complaint that, in March 2021, McCarty "fraudulently induced" and mispresented to the Franklin Parish Sheriff that the Town owned the Building, thereby persuading the Sheriff to have inmates paint the Building in preparation for the Town's Catfish Festival.  (Compl.).  Brown contends that McCarty sought to harm and intimidate her in retaliation for her refusal to sell the building to the Town.

Brown appears to set forth at least three claims in her complaint.  First, she alleged that McCarty and the Town violated § 1983 by depriving her of her constitutional rights to own property and her liberty to decorate her property as she sees fit.  (Compl.).  She also alleged that,

as a "Black Woman," she is a member of a protected class and was not accorded the same rights to enjoy her property as other similarly situation white citizens. *Id*.

Brown further pled a claim for "fraudulent inducement," whereby McCarty mispresented to Sheriff Cobb that the Town owned the Building to induce him to take inmates over to the Building and paint it. *Id*. Finally, Brown set forth a claim for retaliation against McCarty under Louisiana Revised Statute § 23:303(D) because she previously had refused to sell the Property to McCarty, and then he had caused the Building to be defaced, which also resulted in structural damage and water leaks. *Id*. Brown continues to suffer emotional distress, as a result of the damage to the Building. *Id*.

Brown seeks a "Sum Certain Damages of $100,000," apparently comprised of punitive damages, actual damages, treble damages, compensatory damages, plus any other relief accorded by the court. (Compl.). On April 30, 2022, Brown amended her complaint to clarify that the individuals who defaced her mural also may have caused the roof leaks. (Amend. Compl. [doc. # 8]). A roof inspector opined that a tear on the northside of the roof could have been caused by humans or the weight of frozen ice and snow during the 2021 ice storm. *Id*.

On June 3, 2022, McCarty and the Town filed the instant motion for more definite statement. In their motion, McCarty and the Town pointed out the inadequacies of Brown's claims for fraudulent inducement and retaliation under § 23:303(D). They further noted that Brown had failed to set forth any instances where any white building owners had been treated differently than she had. McCarty and the Town petitioned the court to require Brown to amend her complaint to disclose the federal constitutional provisions and/or statutes that had been violated. Finally, McCarty and the Town asked the court to require Brown to specify the date

when the vandalism occurred because it might provide them with a valid statute of limitations defense.

On June 3, 2022, McCarty and the Town filed the instant motion to dismiss Brown's claims for penalty, punitive, exemplary, or treble damages for failure to state a claim upon which relief can be granted.  On July 22, 2022, Brown filed her response to the motion to dismiss. [doc. # 17].  McCarty and the Town filed a reply brief on July 28, 2022.  [doc. # 18].

On August 1, 2022, Brown filed the instant motion for partial summary judgment wherein she essentially set forth the allegations from her complaint in a declaration.  On August 22, 2022, McCarty and the Town filed their opposition to the motion for partial summary judgment, in which they complained that Brown failed to include a statement of material facts with her motion and emphasized that Brown's evidence was limited to a self-serving declaration. [doc. # 21].  McCarty and the Town further asserted that the motion was premature prior to discovery.

On September 20, 2022, Brown filed a statement of undisputed facts, which consisted of a sworn statement by Donnie Arnett supporting Brown's allegation that McCarty had confessed to defacing her property and admonished her not to "mess" with him.  [doc. # 22].

The matter is ripe.

## Motion for More Definite Statement

McCarty and the Town urge the court to order Brown to amend her complaint to provide a more definite statement.  Federal Rule of Civil Procedure 12(e) provides, in relevant part, that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a

5

responsive pleading and must point out the defects complained of and the details desired . . .

FED. R. CIV. P. 12(e).

Rule 12(e) is not intended to be used as a vehicle for discovery or to frustrate Rule 8(a)(2)'s minimal pleading requirements by compelling plaintiff to amend her complaint when it otherwise suffices to withstand a motion to dismiss. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Furthermore, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small -- the pleading . . . must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Texaco, Inc. v. Louisiana Land & Expl. Co.*, 113 B.R. 924, 940-41 (M.D. La. 1990) (citation omitted).

In this case, McCarty and the Town want the court to require Brown to amend her complaint to detail the federal constitutional provisions and/or statute(s) upon which she has based her claims. McCarty and the Town argue that without this additional level of detail, they cannot properly frame their responsive pleading or assert appropriate affirmative defenses and immunities that may be available to them. They go so far as to suggest that her allegations may not even suffice to support federal subject matter jurisdiction.

As an initial matter, Brown plainly invoked 42 U.S.C. § 1983 and asserted that McCarty and the Town violated her constitutional right to own property and liberty to do with the property as she pleased. It is manifest that, *"[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ."* *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting *Holland/Blue*

*Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).  Thus, the court plainly enjoys subject matter jurisdiction, via federal question.  28 U.S.C. § 1331.[2]

Furthermore, the federal pleading rules require no more than a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10; 135 S.Ct. 346 (2014) (quoting FED. RULE CIV. P. 8(a)(2)).  A plaintiff need only inform defendant of the factual basis for her complaint, and nothing further is required to "stave off threshold dismissal for want of an adequate statement of [her] claim.  *Johnson, supra* (citing FED. R. CIV. P. 8(a)(2) and (3), (d)(1), (e)).  Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."  *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).  "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument."  *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011).

While Brown does not cite any specific constitutional amendments by number, she alleged that her right to own property was violated, which implies a plausible due process violation, an unlawful seizure claim, and/or a takings clause violation.  These rights are protected under the Fourth and Fifth Amendments, via the Fourteenth Amendment.  She also alleged that she was treated differently than similarly situated white citizens, which implies an equal

---

[2] McCarty and the Town contend that Brown's allegations amount to nothing more than a state law tort claim.  (M/More Def. Statement, Memo., pg. 2).  Not so.  *See Bruce v. City of Monroe*, Civ. Action No. 08-1445 (W.D. La. Feb. 11, 2010) (following a bench trial, pro se plaintiff obtained judgment against City for clearcutting his yard without his permission).

protection claim, again under the Fourteenth Amendment.  Finally, if as McCarty purportedly told Brown at one point, the façade was defaced out of concerns that it was "part" of the January 6, 2021 insurrection, then it plausibly implicates free speech protections under the First Amendment, which extends to the States pursuant to the Fourteenth Amendment.  In short, the scope of Brown's potential constitutional claims may be discerned from her Complaint, and its attachments.  *See Fuller v. Jones*, Civ. Action No. 14-3002, 2015 WL 868712, at *2 (W.D. La. Feb. 27, 2015) (while plaintiff does not identify a federal constitutional provision that was violated, his constitutional theories are not difficult to discern); *LeBlanc v. Andre*, Civ. Action No. 04-0032, 2007 WL 9711074, at *2 (M.D. La. Mar. 1, 2007) (turning to applicable Fifth Circuit decisions to discern source of constitutional rights where plaintiff did not allege a particular constitutional provision which was violated).[3]

McCarty and the Town separately question the viability of Brown's equal protection claim and her claims for fraudulent inducement and retaliation under Louisiana Revised Statute § 23:303.  However, those arguments are more appropriately addressed within the framework of Rule 12(b)(6).  *See* discussion, *infra*.

Finally, McCarty and the Town want Brown to amend her complaint to allege precisely when the Building was defaced.  However, Brown was out of town when the event occurred, and so she originally stated that it happened sometime between March 12 and 26, 2021.  She later averred that she discovered that the Property had been vandalized on March 20, 2021.  (Sworn

---

[3] McCarty and the Town cited several decisions that required plaintiffs to amend their complaints to allege specific constitutional violations.  *See* Defs.' Memo., pg. 8.  However, whether to require a more definite statement is an issue left to the court's discretion.  Moreover, to the extent the cases cited are not otherwise distinguishable, they are not binding.

Statement of Undisputed Facts [doc. # 17-1]).  Of course, Brown filed suit on March 18, 2022,

within one year of the discovery of the vandalism, and,  thus, her suit is not facially time-barred.

*See Mejia v. Unknown Officers*, 168 F.3d 485 (5th Cir. 1999) (§ 1983 cause of action "accrues

when the aggrieved party knows, or has reason to know of, the injury or damages which form the

basis of the action.").

Furthermore, even

assuming that it might be reasonable to insist that the plaintiff plead a little more than the rules require when there is strong reason to believe that a major issue in the case can readily be determined thereby, it is entirely inappropriate to require the plaintiff to state her claim for relief with great particularity simply on the off chance that the defendant might be able to unearth a dispositive threshold defense. Similarly, the plaintiff should not be required to replead with particularity simply to avoid problems that might never arise in the litigation or to further the defendant's presentation of his defenses against the merits of the claim . . .

Consequently, there should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense. This practice is not authorized by the language of the rule and experience has shown that a willingness to grant Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time. A request for a more definite statement for either of these purposes should not be granted unless the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date. In the absence of some restraint, the motion undoubtedly will be used by litigants as a vehicle for fishing expeditions at the pleading stage.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d Ed.).

In sum, the court finds that McCarty and the Town have adequate notice of the

circumstances giving rise to Brown's claims such as to permit them to file a responsive pleading.

The more specific details that movants seek remain a matter for conventional discovery devices.

## Rule 12(b)(6) Motion

### I.     Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.  Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation marks omitted).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

Finally, when considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).

## II.    Punitive and Treble Damages

McCarty and the Town seek dismissal of Brown's damages claims for punitive and treble

damages because they are not available under § 1983 or Louisiana law.[4]  In response, Brown

cited and quoted from the Louisiana Supreme Court decision in *Ricard v. State*, which looked to

Louisiana state law to conclude that neither punitive nor exemplary damages could be awarded

under § 1983.  *Ricard v. State*, 390 So.2d 882, 886 (La. 1980).  Needless to say, *Ricard* does not

help Brown's cause, and, in any event, was overruled by *Booze v. City of Alexandria*, 637 So.2d

91 (La. 1994).  More importantly, the United States Supreme Court has held unequivocally that

"a municipality is immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v.

Fact Concerts, Inc.*, 453 U.S. 247, 271; 101 S.Ct. 2748, 2762 (1981).

Conversely, punitive damages *are* recoverable under § 1983 against individual public

officers for their conduct that "is shown to be motivated by evil motive or intent, or when it

involves reckless or callous indifference to the federally protected rights of others."  *Smith v.

Wade*, 461 U.S. 30; 103 S.Ct. 1625, 1629 (1983).  Recognizing this distinction, McCarty asks the

court to take "judicial notice" that Brown's allegations are "woefully deficient" to support a

punitive damages award against him.  (Defs.' Reply Memo., pg. 3).  However, McCarty has not

demonstrated that judicial notice is available or appropriate under these circumstances.  *See* FED.

R. EVID. 201.  Furthermore, Brown alleged that when she confronted McCarty about his

wrongdoing at the council meeting, he admitted to defacing her property, but then allegedly

threatened her not to "mess" with him.  McCarty's statement evinces a defiant, indifferent

attitude towards the alleged violation of Brown's constitutional rights, which suffices, at the

pleading stage, to confer plausibility upon Brown's punitive damages claim against McCarty.

---

[4] McCarty and the Town also seek dismissal of Brown's claims for penalties.  However, the court did not discern a request for penalties in the Complaint.

The court further observes that punitive or exemplary damages are not allowable under Louisiana law[5] against any defendant unless expressly provided for by statute. *Albert v. Farm Bureau Insurance Company*, 940 So. 2d 620, 622 (La. 2006). "In the absence of such a specific statutory provision, only compensatory damages may be recovered." *Evans v. Vill. of Creola*, No. 18-0983, 2019 WL 639174, at *4 (W.D. La. Jan. 22, 2019), R&R adopted, 2019 WL 639162 (W.D. La. Feb. 14, 2019). Although Louisiana has authorized exemplary damages in certain types of cases, *see* LA. CIV. CODE ARTS. 2315.3, *et seq*., Brown has not established that McCarty or the Town's alleged conduct falls within any of these provisions.

Finally, Brown has not shown any basis to support an award of treble damages under the instant facts.

### III.    Brown's Insufficient Claims as Addressed in the Motion for More Definite Statement

In their motion for more definite statement, McCarty and the Town questioned the viability of Brown's equal protection claim, together with her claims for fraudulent inducement and retaliation under § 23:303(D). As a general rule, a district court may dismiss claims or a complaint on its own for failure to state a claim so long as the procedure is "fair," which means prior notice to the plaintiff and an opportunity to respond. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176–77 (5th Cir. 2006) (citations omitted).

Here, Brown received prior notice of her Complaint's shortcomings via the motion for

---

[5] No party contests that the substantive state law issues raised by the parties' motion practice are governed by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).

more definite statement. Nonetheless, she did not attempt to redress the deficient allegations or theory of recovery via amendment. To the extent that the notice provided by the motion for more definite statement was insufficient, the instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

    a) <u>Equal Protection</u>

To establish a Fourteenth Amendment equal protection claim, Brown must show that two or more classifications of similarly situated persons were treated differently. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) (citing *Stefanoff v. Hays County, Tex.,* 154 F.3d 523, 525–26 (5th Cir.1998)). To determine whether persons or groups are similarly situated, the court considers whether they "are in all relevant respects alike." *Texas Entm't Ass'n, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021), *cert. denied,* ___, U.S. ___; 142 S.Ct. 2852 (2022).

In this case, Brown alleged that she is a black woman who was treated differently than similarly situated white citizens. However, her allegation that there were similarly situated white citizens is conclusory and need not be credited. Stated differently, Brown did not allege facts to suggest that McCarty and the Town only whitewashed or painted over murals on the building owned by Brown, but ignored the murals painted on white-owned buildings in Wisner. Nor did she assert any other factual allegations from which the Court could reasonably infer that she was similarly situated to white owners of Wisner businesses, but was treated differently. Accordingly, Brown fails to state a viable equal protection claim.

b)    <u>Fraudulent Inducement</u>

Brown contends that she has a claim for fraudulent inducement against McCarty because he induced the Sheriff to paint the Building with inmate labor by falsely representing to the Sheriff that the Town owned the Building.  For purposes of fraud, however, caselaw indicates that a party who acted in reliance on the misrepresentation must be the same party who suffered injury.  *See In re DEEPWATER HORIZON*, 786 F.3d 344, 363 (5th Cir. 2015).  Here, there are no allegations that Brown justifiably relied upon any misrepresentations by McCarty about the ownership of her building.  *See Russell v. Chevron U.S.A., Inc.*, Civ. Acton No. 18-4157, 2018 WL 4816151, at *3 (E.D. La. Oct. 4, 2018).  Moreover, Brown has not adduced any binding or even persuasive authority to show that she may assert a claim under Louisiana law for injury she suffered as a result of a fraud perpetrated on a third party.  Accordingly, this claim is facially implausible.

c)    <u>Retaliation under § 23:303(D)</u>

Louisiana Revised Statute § 23:303 provides that "[a] plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs."  LA. R. S. § 23:303(A).  Section 23:303(D) details the prescriptive period for the foregoing cause of action.

In this case, Brown alleged no facts to show that she was employed by McCarty or the Town such that they may be considered her employer, employment agency, or labor organization as required to support a cause of action under these provisions.  Therefore, Brown's claim for retaliation under § 23:303(D) is facially implausible and fails to state a claim for relief.

15

## Motion for Partial Summary Judgment

### I.    Standard of Review

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

Finally, when a movant bears the burden of proof on an issue, she must establish "beyond peradventure[6] all of the essential elements of the claim . . . to warrant judgment in h[er] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must

---

[6]  I.e., beyond doubt.

16

affirmatively establish her right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## II.    Discussion

For purposes of her motion for partial summary judgment, Brown essentially restates, under oath, most of the allegations from her Complaint.  In response, McCarty and the Town recycle the arguments that they made in support of their motion for more definite statement, including Brown's failure to identify pertinent constitutional provisions at issue and her deficient equal protection claim.  They further argue that her self-serving declaration was not supported by record evidence, and she alleged no facts to support a *Monell* claim against the Town.  In addition, McCarty and the Town assert that the motion is premature because no discovery has been conducted.

As an initial matter, the court observes that self-serving evidence, including affidavits, may be considered competent summary judgment when the evidence otherwise meets the requirements of Rule 56(c)(4).  *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021).  Furthermore, in reply to McCarty and the Town's response, Brown corroborated her account of the April 8, 2021 town council meeting with a sworn statement by Donnie Arnett. [doc. # 22].

As for the Town's argument that Brown failed to allege facts to support a *Monell* claim, the court observes that to establish municipal liability under § 1983, a plaintiff must prove that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."  *Peterson v. City of Fort Worth, Tex.*, 588 F.3d

17

838, 847 (5th Cir. 2009); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  The official policy requirement may be met in various ways, including written policy statements, regulations, ordinances, or "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations and internal quotations omitted).

To establish the existence of a custom or policy, a plaintiff may demonstrate (1) a pattern of unconstitutional conduct by municipal actors or employees; or (2) a single unconstitutional act by a final policymaker. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010). Indeed, "[i]t is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480; 106 S.Ct. 1292, 1298 (1986).

In this case, McCarty, in his capacity as the Town mayor, plausibly may be a final policymaker for the Town.  Even if he is not, the Town may have ratified his actions at the April 8, 2021, town council meeting when Brown raised the issue, but the Town council did nothing to repudiate McCarty's alleged wrongdoing.  *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (cleaned up) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)) (discussing municipal liability pursuant to a ratification theory).

Nonetheless, while Brown's allegations suffice to state a plausible claim for § 1983 *Monell* liability against the Town, she has not established "beyond doubt" that the Town is liable

18

for McCarty's alleged conduct.  Similarly, the court is unable to conclude, as a matter of law, that McCarty is liable under § 1983.  At minimum, the authority for, and motivation behind McCarty's alleged actions remains indeterminate.

Finally, as emphasized by McCarty and the Town, Brown has not identified the particular constitutional basis for her § 1983 claim, nor has she set forth all of the elements of that claim. In short, Brown has not affirmatively established her right to prevail as a matter of law, and, thus, has not met her summary judgment burden.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the motion for more definite statement [doc. # 12] filed by Defendants Marc McCarty and the Town of Wisner is DENIED.[7]

IT IS RECOMMENDED that the motion for partial dismissal of Plaintiff's claims [doc. # 13] filed by Defendants Marc McCarty and the Town of Wisner be GRANTED IN PART, and that, with the exception of Plaintiff's punitive damages claim under 42 U.S.C. § 1983 against Marc McCarty, Plaintiff's claims for punitive, exemplary, and treble damages, plus her claims for equal protection violation, fraudulent inducement, and retaliation under Louisiana Revised Statute § 23:303(D) be DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the remainder of the motion to dismiss [doc. #

---

[7] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

13], together with the entirety of Plaintiff's motion for partial summary judgment [doc. # 19], be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 10th day of November, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE